IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01931-WYD-BNB

ANNE DAUGHERTY and
BRIAN DAUGHERTY,

Plaintiff,

v.

MARY ELIZABETH BISSELL, M.D.

Defendant.
_____

## ORDER
_____

This matter arises on the defendant's **Unopposed Motion to Modify Scheduling Order** [Doc. # 30, filed 8/25/2009] (the "Motion for Enlargement"), which is DENIED.

Although the Motion for Enlargement is filed by the defendant, it recites that "Plaintiffs in fact join in this motion." Motion for Enlargement, p.1 (original emphasis). The parties seek extensions of virtually all pretrial deadlines, as follows:

(1)  An enlargement of the deadline to designate non-parties at fault, normally due within 90 days after suit is commenced, to September 24, 2009;

(2)  An enlargement of the deadline to join parties and amend pleadings of six months, from April 15, 2009, to October 15, 2009; and

(3)  Indefinite enlargements of the deadlines to designate experts and rebuttal experts and to exchange expert information; of the discovery cut-off; and of the dispositive motion deadline to allow the parties to "file a Status Report with this Court, on or before November 1, 2009, advising the Court of the status of this case, and of proposed new deadlines for discovery and

expert disclosures." Id. at p.4.

As grounds for the enlargement, the defendant states that on August 13, 2009, she received a report from one of her experts who has determined that a slide of a Pap smear performed on plaintiff Ann Daugherty in July 2005 was misinterpreted by the cytotechnologist. Id. at p.2. According to the defendant:

> The information and expert opinions contained in that report significantly changes [sic] the posture of this case. Plaintiffs' counsel has authorized undersigned counsel to represent to this Court that Plaintiffs' counsel anticipates that Plaintiffs may ask that this Court enter its Order allowing Plaintiffs to join an additional party or parties as defendant(s).

Id. (emphasis added).

I entered a Scheduling Order [Doc. # 27] on March 10, 2009. The Scheduling Order allowed a longer than normal period--nine months rather than the usual six months--for the parties to conduct discovery. Other pretrial deadlines were similarly extended beyond the norm.

A scheduling order is not a frivolous piece of paper, idly entered. Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 441 (D. Colo. 2000). Once entered, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As noted in Colorado Visionary Academy v. Medtronic, Inc.:

> Rule 16(b)'s "good cause" standard . . . does not focus on the bad faith of the movant or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

2

194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotations and citations omitted).  Applying this standard, I denied Medtronic's motion to extend the scheduling order to allow a late amendment to the answer, stating:

> [T]he defendants admit that the delay in seeking amendment is the result of their failure earlier in the case to do the research necessary to recognize the applicability of the defense they seek to add.  There is no assertion that new facts were developed during discovery that resulted in the need to amend. . . .  Nor is the need to amend based upon recent developments in the law.

Id. at 688.

In this case, the defendant first requests an extension of time to designate non-parties at fault pursuant to section 13-21-111.5(3)(b), C.R.S.  The non-party at fault statute requires, in relevant part, that a defending party must invoke its protections by giving notice that "a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary."  Section 13-21-111.5(3)(b).  The Colorado Supreme Court has identified three factors to be considered in determining whether to extend the 90 day period: (1) whether the neglect was excusable; (2) whether the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations.  Redden v. SCI Colorado Funeral Services, Inc., 38 P.3d 75, 84 (Colo. 2001).

This action was commenced by filing the complaint on September 9, 2008.  Complaint [Doc. # 1, filed 9/9/2008].  Ninety days following commencement was December 8, 2008.  The defendant seeks to extend the deadline by more than eight months, to September 15, 2009, *nunc pro tunc* August 24, 2009.  However, the defendant fails to offer any factual support for this prolonged extension.  Although she argues that her expert rendered an opinion on August 12,

2009, that his review of slides of Pap smear tissue taken from plaintiff in July 2005 were misread, she does not explain when the slides were available to her; when they were provided to the expert; or when the expert reviewed those slides and reached the conclusion that they had been misread. Without this factual information, it is impossible to make a reasoned determination about whether an eight month enlargement of time to make a non-party designation was necessary.

The same factors, and others, preclude a determination that the parties cannot comply with the existing schedule despite their diligent efforts. In particular, and in addition to the absence of factual information concerning the availability of the Pap smear slides for earlier examination, the Motion for Enlargement is based largely on the "anticipation" that the plaintiffs "may ask" to amend the complaint to add additional claims and/or parties. The possibility of a future amendment based on facts known or which could have been known at an unspecified date cannot demonstrate the exercise of reasonable diligence in the preparation of the case sufficient to justify a substantial extension of the case schedule.

Nor will I extend the deadline to amend pleadings and join parties in the abstract. Such a motion must be accompanied by the motion to amend, including a draft of the proposed amended pleading. Only in this manner is it possible to determine whether the requested amendment has been promptly sought based on information not previously known and which, in the exercise of reasonable diligence, could not have been known earlier or is based on a recent change in the applicable law.

An essential function of a trial court is to find facts. The Motion for Enlargement presents no evidence from which the necessary findings can be made. Nor are sufficient facts

alleged in the uncontested arguments of counsel from which to base the necessary findings.

IT IS ORDERED that the Motion for Enlargement is DENIED.

Dated September 1, 2009.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge